# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Vanessa Sherod, et al. v. Comprehensive Healthcare Management Services, LLC, et al.

USCA NO.: 20-3287

LOWER COURT or AGENCY and DOCKET NUMBER:
2-20-cv-01198

NAME OF JUDGE: The Honorable Arthur J. Schwab

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Plaintiffs and Appellees are Vanessa Sherod, as Administrator of the Estate of Elizabeth Wiles, and in her own right. Defendant and Appellant is Comprehensive Healthcare Management Services, LLC, d/b/a Brighton Rehabilitation and Wellness Center (Appellant). Appellant does business as Brighton Rehabilitation and Wellness Center and Appellees are seeking to hold Appellant liable for the manner in which it used and administered federally-approved COVID-19 countermeasures in the midst of the COVID-19 pandemic. As Appellees erroneously brought this action in state court, Appellant moved for removal. After Appellant removed this case from the Court of Common Pleas of Allegheny County, the district court granted Appellees' motion to remand.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.
1.) Opinion and Order granting the Motion to Remand to Allegheny County Court of Common Pleas, Pennsylvania, dated October 16, 2020. [ECF No. 30 and 31.]
2.) Supplemental Opinion and Order granting Plaintiffs' Motion to Remand, dated October 16, 2020. [ECF No. 33.]

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Appellant removed this case from state court under: (1) 28 U.S.C. § 1442, the federal officer removal statute; and (2) 28 U.S.C. § 1441(a), invoking original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims are preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247-6e (the "PREP Act"). The PREP Act applies to individuals and entities responding to public health emergencies and provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from ... a covered countermeasure" pursuant to a declaration of, among other things, a public health emergency. 42 U.S.C. § 247d-6d(a)(1). On March 17, 2020, the Secretary of Health and Human Services issued the requisite declaration under the PREP Act, effective February 4, 2020. Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020).

Identify the issues to be raised on appeal:

In general, there is no right to appeal remand orders. An exception to this general rule applies when a case is removed pursuant to 28 U.S.C. § 1442 - the federal officer removal statute. 28 U.S.C. § 1447(d) ("an order remanding a case to the State court from which it was removed pursuant to section 1442 ... shall be reviewable by appeal"). There is a split of authority among the courts of appeals over whether invoking a § 1447(d) exception in a notice of removal creates appellate jurisdiction over the district court's whole remand order. The issues to be raised here are:

1.  Whether the federal officer removal statute, 28 U.S.C. § 1442, allows removal of state court actions involving healthcare providers' response to the COVID-19 pandemic pursuant to the directives of the federal government.

2.  Whether the district court's whole remand order is reviewable, or whether it is reviewable only to the extent it addresses removal pursuant to 28 U.S.C. § 1442.

3.  If the whole remand order is reviewable, whether the federal courts have original jurisdiction over claims that necessarily challenge use of covered countermeasures under the PREP Act.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this  24  day of  November ,20 20 .

/s/ Jeffry A. Miller
Signature of Counsel

Rev. 07/2015

# CERTIFICATE OF SERVICE
# FOR CASE NUMBER 20-23287

I hereby certify that on November 24, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system.

**APPELLANT'S CONCISE SUMMARY OF THE CASE**

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Janis Kent*
Janis Kent